IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03401-GPG

**SHAINE CARL CAGLE**,

    Applicant,

v.

**CHARLES L. RYAN**, Director, Arizona Department of Corrections, and
**CYNTHIA COFFMAN**, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Shaine Carl Cagle, is a prisoner in the custody of the Arizona Department of Corrections serving a five-year sentence. He currently is incarcerated in Florence, Arizona. Mr. Cagle, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.§ 2241 concerning pending Colorado state charges against him.

As part of the preliminary consideration of the Application in this case and pursuant to **Keck v. Hartley**, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court directed Respondent to file a Preliminary Response pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondents filed their Preliminary Response on April 13, 2015 (ECF No. 20). Mr. Cagle filed a Reply to the Preliminary Response on May 7, 2015 (ECF No. 21).

The Court must construe the Application liberally because Mr. Cagle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## A.  Relevant Procedural History

On September 18, 2013, Applicant was charged in Jefferson County, Colorado in felony complaint 13CR2532 with theft as a class 5 felony, and in 13CR2542 with possession of a weapon by a previous offender as a class 6 felony.  Thereafter, he was released on a surety bond.  When Applicant failed to appear for a dispositional hearing scheduled in both cases on October 22, 2013. the trial court issued arrest warrants.

On January 20, 2014, Applicant was arrested in Pima County, Arizona, for armed robbery.  On the following day, Pima County authorities notified Jefferson County about Applicant's arrest.  After being convicted, Applicant began serving a five-year sentence in Arizona on April 14, 2014.

On April 15, 2014, the Jefferson County Sheriff's Office notified the prosecution that Applicant had entered the custody of the Arizona Department of Corrections (ADOC).  On April 17, 2014, the prosecution authorized the lodging of a detainer for both pending Jefferson County cases.  On June 2, 2014, ADOC officials provided written notice to Applicant under the Interstate Agreement on Detainers (IAD) concerning the detainer lodged by Jefferson County.  Applicant refused to sign the form notifying him of the charges and his rights under the IAD.  He also refused to sign the form requesting speedy disposition of the charges.  By letter dated July 14, 2014, the ADOC informed Jefferson County of Applicant's refusal to sign the forms.  Jefferson County elected to initiate an Article IV transfer of Applicant to Colorado to resolve the charges.  On August 11, 2014, the prosecution mailed the necessary forms for an Article IV transfer to the ADOC facility where Applicant was incarcerated.  Once again, Applicant refused to sign them.

On October 30, 2014, Mr. Cagle filed motions in his Jefferson County criminal

cases requesting the status of a motion for discovery. In addition, he filed motions for extradition and applications for a writ of habeas corpus in each criminal case. The trial court has not yet taken action on any of these motions.

On January 26, 2015, Applicant filed an amended application in this Court claiming that the prosecution and the trial court have violated his federal constitutional rights by denying him access to the state courts to defend himself against the charges in Jefferson County cases 13CR2532 and 13CR2542. Thereafter, the prosecution again attempted to obtain applicant's consent to initiate proceedings under the IAD. On April 2, 2015, Applicant again refused to sign the forms.

### B. Availability of Federal Habeas Corpus Relief

The Court initially notes that Mr. Cagle's First Amendment access to courts claim may not be raised in this habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Cagle's access to courts claim does not implicate the legality of his custody. Therefore, the Court will not address those allegations further and whatever claims Mr. Cagle may be asserting based on those allegations will be dismissed.

Moreover, the Court will abstain from addressing the Application to the extent Mr. Cagle is asserting claims that challenge the ongoing state court criminal proceedings in Jefferson County, Colorado. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate if three conditions are met: "(1) the state proceedings

are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.  Furthermore, "Younger abstention is non-discretionary; it must be invoked [by the district court] once the three conditions are met, absent extraordinary circumstances." *Amanatullah v. State Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

The first condition is met because Mr. Cagle concedes the state court proceedings are ongoing.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  Additionally, the Supreme Court has repeatedly affirmed that a state's operation of its court system is an important state interest.  *See, e.g., Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987).  With respect to the third condition, Mr. Cagle fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.  *Accord Strickland v. Wilson*, 399 F. App'x 391 (10th Cir. 2010) (Habeas petitioner's request for declaration that South Carolina could not prosecute him for escape could not be entertained under *Younger* abstention as South Carolina proceedings were ongoing due to petitioner's detention pending prosecution on pending charges).

Mr. Cagle "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*,

401 U.S. 82, 85 (1971)).  However, the fact that Mr. Cagle will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts consider three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Mr. Cagle's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Cagle fails to allege facts that demonstrate the criminal case against him was commenced with no reasonable hope of success.  He also fails to allege specific facts that demonstrate any improper motivation for the charges.  Finally, he fails to allege facts that indicate the criminal case against him has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.  His conclusory assertions that he is innocent are not sufficient to overcome the bar of *Younger* abstention.

To summarize, Mr. Cagle's claims challenging the ongoing state court criminal proceedings will be dismissed because he fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in those proceedings.  To the extent he wishes to resolve the pending Colorado charges, he can sign the extradition papers allowing himself to be transported to Colorado.  To the extent

he seeks action by the state court in Colorado, he may file a mandamus action requesting government officials to perform their non-discretionary duties. Finally, if Mr. Cagle ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the habeas corpus application is denied and the action is **DISMISSED** for the reasons stated in this order. It is

**FURTHER ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  29th  day of     May    , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court